PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
KERRY GARVIS WRIGHT - State Bar No. 206320
kgarviswright@glaserweil.com
JILLIAN P. HARRIS - State Bar No. 300119
jharris@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Defendants
Independent Media, Inc. and Susanne Preissler

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KARABAS, individually, and on behalf of aggrieved individuals, | CASE NO.: |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| INDEPENDENT MEDIA, INC., a California corporation doing business in California; SUSANNE PREISSLER, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF THROUGH HIS COUNSEL OF RECORD HEREIN*:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Independent Media, Inc. and Susanne Preissler (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California for the County of Los Angeles, which is the judicial district in which the

2020496

action is pending, to the United States District Court for the Central District of California.

## DIVERSITY JURISDICTION

1.     This Court has original jurisdiction over this action and the action may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) exists because this action is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**This Notice of Removal Is Timely**

2.     On June 17, 2021, Plaintiff Chris Karabas ("Plaintiff") commenced this action by filing the complaint ("Complaint") in the Superior Court of the State of California for the County of Los Angeles, entitled *Karabas v. Independent Media, Inc. et al.*, Los Angeles Superior Court, Case No. 21SMCV01078 (the "State Action").  A true and correct copy of the Complaint is attached hereto as Exhibit 1.

3.     On June 22, 2021, counsel for Defendants agreed to and did accept service of process by email. Because this Notice of Removal is filed within 30 days of service of the Complaint, it is timely pursuant to 28 U.S.C. § 1446(b)(1).

**Complete Diversity Exists Between Plaintiff and Defendants**

4.     Complete diversity exists between Plaintiff, on the one hand, and Defendants, on the other hand, because Plaintiff is a citizen of a state other than California and Defendants are citizens of California.

5.     At the time of filing of the Complaint and this Notice of Removal, Plaintiff is a citizen of and resides in the state of Illinois.

6.     Defendant Independent Media, Inc. is incorporated in California, with its principal place of business in Los Angeles, California. Defendant Preissler is an individual is a citizen of the state of California, residing in Los Angeles County.

7.     The two defendants filing this Notice, Defendants Independent Media, Inc. and Susanne Preissler, are the only named defendants in the Complaint.

2020496

8.      Accordingly, there is complete diversity between Plaintiff, on the one hand, and Defendants, on the other hand, under 28 U.S.C. § 1332(a)(1).

**Amount in Controversy Exceeds $75,000**

9.      The Complaint contains various employment-based causes of action. Plaintiff alleges that he was hired by Defendants as a commissioned salesperson and as Executive Producer of Brand Development. Complaint ¶ 22. For his producer role, Plaintiff earned a salary of $250,000, while he received an additional $4,167 per month plus commission for his sales role. Complaint ¶ ¶ 22, 26. Plaintiff was employed by Defendants for approximately 20 months. *See* Complaint ¶ 22, 40.

10.     Plaintiff alleges he was not paid all wages due to him, including 10 hours of overtime per week throughout his employment and is entitled to one and a half times his hourly pay for all overtime hours worked. Complaint ¶ ¶ 97, 98. Plaintiff also alleges he never received a meal or rest break during his employment and that he worked 50 hours each week. Complaint ¶ 37. Thus, he would be allegedly entitled to an additional hour of pay for each day he worked. *See* Complaint ¶ ¶ 106, 111.

11.     For his hostile work environment and retaliation claims, Plaintiff seeks damages for alleged emotional distress, monetary damages, and attorneys' fees. Complaint ¶ ¶ 125, 127, 132, 134.  Plaintiff alleges he suffered damages based on a reduction in his wages and the termination of employment. Complaint ¶ ¶ 122, 132.

12.     In his Prayer for Relief, Plaintiff also seeks penalties under four different sections of the California Labor Code: § 246, § 226(e), § 226.8, and §1198.5, in addition to reimbursement of business expenses, back wages, and restitution. Complaint, p. 23.

13.     Based on the nature of Plaintiff's claims and the relief sought, including damages based on his level of compensation, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET**

14.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and

orders served on Defendants in the State Action must be attached to the Notice of Removal. Accordingly, the following documents served on Defendants by Plaintiff are attached:

Exhibit 1: Summons;

Exhibit 2: Complaint;

Exhibit 3: Civil Case Cover Sheet with Addendum;

Exhibit 4: Notice of Case Assignment;

Exhibit 5: Alternative Dispute Resolution Information Package; and

Exhibit 6: Voluntary Efficient Litigation Stipulations.

15.    This Notice of Removal is properly filed in the Central District of California pursuant to 28 U.S.C. § 1446(a).

16.    Based on the foregoing, Defendants respectfully remove the State Action to this United States District Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED:  June 22, 2021

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP


By:  /s/ Kerry Garvis Wright
PATRICIA L. GLASER
KERRY GARVIS WRIGHT
JILLIAN P. HARRIS
Attorneys for Defendants
Independent Media, Inc. and
Susanne Preissler

Exhibit 1

Electronically FILED by Superior Court of California, County of Los Angeles on 06/17/2021 09:02 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Kulkin,Deputy Clerk

Case 2:21-cv-05090-FMO-JPR   Document   Filed 06/22/21   Page 6 of 73   Page ID #:6
21SMCV01078

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

> To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*  INDEPENDENT MEDIA, INC.,

a California corporation doing business in California; SUSANNE PREISSLER, and individual; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRIS KARABAS, individually, and on behalf of aggrieved individuals,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)* Santa Monica Courthouse<br><br>1725 Main Street<br>Santa Monica, CA 90401 | CASE NUMBER:<br>*(Número del Caso)*<br>21SMCV01078 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 Diyari Vazquez; VGC, LLP; 1515 7th Street, No. 106, Santa Monica, CA 90401; 424-272-9855

| DATE:<br>*(Fecha)* 06/17/2021 | Clerk, by<br>*(Secretario)* | Sherri R. Carter Executive Officer / Clerk of Court<br>L. Kulkin | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

**Save This Form**      **Print This Form**      **Clear This Form**

> For your protection and privacy, please press the Clear This Form button after you have printed the form.

Exhibit 2

Electronically FILED by Superior Court of California, County of Los Angeles on 06/17/2021 09:02 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Kulkin,Deputy Clerk

James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Chris Anstett (SBN 240179)
  canstett@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff*
Chris Karabas, individually and on behalf of aggrieved individuals

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| CHRIS KARABAS, individually, and on behalf of aggrieved individuals,<br><br>Plaintiff,<br><br>v.<br><br>INDEPENDENT MEDIA, INC., a California corporation doing business in California; SUSANNE PREISSLER, and individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:   21SMCV01078<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF WRITTEN EMPLOYMENT AGREEMENT;**<br>2. **BREACH OF SALES AGREEMENT;**<br>3. **MISCLASSIFICATION AS INDEPENDENT CONTRACTOR (*Cal. Labor Code* §§ 226.8, 2750.3, 2753);**<br>4. **INACCURATE WAGE STATEMENTS (*Cal. Labor Code* § 226);**<br>5. **FAILURE TO PROVIDE WAGES WHEN DUE (*Cal. Labor Code* §§ 201, 202 & 203);**<br>6. **FAILURE TO REIMBURSE BUSINESS EXPENSES (*Cal. Labor Code* § 2802);**<br>7. **FAILURE TO TIMELY PROVIDE EMPLOYEE RECORDS (CAL. LABOR CODE § 226(C) & 1198.5);**<br>8. **FAILURE TO PROVIDE PAID SICK LEAVE (CAL. LABOR CODE § 246);**<br>9. **FAILURE TO PAY OVERTIME WAGES (CAL. LABOR CODE §§ 501, ET SEQ.);**<br>10.    **FAILURE TO PROVIDE MEAL PERIODS (*Cal. Labor Code* §§ 226.7 & 512);**<br>11.    **FAILURE TO PROVIDE REST PERIODS (*Cal. Labor Code* §§ 226.7 & 512);** |

VGC, LLP
1515 7TH STREET, No. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

12.   **HOSTILE WORK ENVIRONMENT (FEHA)**
13.   **RETALIATION (FEHA)**
14.   **UNFAIR BUSINESS PRACTICES (*Bus. & Prof. Code* §17200);**
15.   **INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

COMPLAINT

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

Plaintiff Chris Karabas ("Plaintiff") brings this action individually and on behalf of all aggrieved employees against Defendants Independent Media, Inc. ("IMI"), Susanne Preissler ("Preissler") and DOES 1 through 10 (together with IMI, Preissler and DOES 1 through 10 are referred to herein as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.      Defendants created, promoted and maintained a hostile work environment discriminating and harassing employees in protected categories, such as Plaintiff.  Defendant Preissler was verbally abusive and repeatedly berated Plaintiff and others publicly on the basis of their sex, age, familial status and race, among others.

2.      For instance, when Plaintiff attempted to take a day off from work because he was suffering from a medical condition caused by the emotional distress that resulted from the hostile work environment that he was experiencing as a result of Defendant Preissler's egregious actions, Defendant Preissler (who required employees, including Plaintiff, to be "on call" during their sick leave) contacted Plaintiff while he was out on sick leave.  When Plaintiff explained that he needed time away from work because he was sick and his younger daughter needed his care, Defendant Preissler responded "I don't give a fuck about your kids.  We all have problems due to COVID." Defendant Preissler regularly publicly berated employees with children making derogatory remarks such as "it wasn't my choice to have fucking kids, you deal with it."

3.      Defendant Preissler also regularly insulted employees by calling them "drunk whore" and/or "pussy."  As if this were not enough, Defendant Preissler also demeaned prospective clients on the basis of their age and race with statements such as "the last thing we need is an old black guy in our roster."

4.      Defendant Preissler regularly asked Plaintiff to come into her office, close the door and insisted that Plaintiff drink scotch with her, making Plaintiff feel extremely uncomfortable. When the pandemic hit, Defendant Preissler insisted that Plaintiff leave the camera on his computer turned on all day long so that Defendant Preissler could monitor him.  In addition, during the pandemic, Defendant Preissler insisted that employees attend a Friday night "zoom" happy hour meeting, and ordered everyone to "get fucked up."  When Plaintiff complained and refused to leave

his camera on all day or continue to attend the mandated "happy hours" because they were at 8:00 p.m. (local time where Plaintiff was sheltering at home with his family), and Plaintiff had three children at home that he needed to care for, Defendant Preissler retaliated against Plaintiff and severely diminished his job duties.

5.     In addition, when Plaintiff complained to Defendant Preissler that Defendants were failing to pay wages to other employees, Defendant Preissler responded "be a team player or quit the team."

6.     Defendant Preissler also reduced Plaintiff's salary and ultimately terminated him.

7.     What is more, Defendants have had a consistent policy of willfully and improperly misclassifying employees as independent contractors in order to escape paying employer-side payroll taxes, failing to pay all wages due, failing to reimburse business expenses, failing to provide the legally required paid sick leave, failing to provide accurate wage statements, and failing to provide sufficient information for employees to calculate their commission and other compensation. Defendants also have a policy of misclassifying employees as exempt when they are truly non-exempt in order to deny employees overtime and the legally required meal and rest periods. Defendants' actions are in violation of California's state wage and hour laws.

8.     Defendants also failed to pay Plaintiff the full amount of the wages owed to him upon termination and/or resignation of employment as required by California's Labor Code.   And Defendants are interfering with Plaintiff's prospects for employment and engaging in tactics to restrict his lawful professional by attempting to enforce an illegal non-compete in California (and elsewhere).   When Plaintiff requested his personnel and payroll records pursuant to Labor Code section 1198.5, Defendants failed to provide any.

9.     Plaintiff seeks an order requiring Defendants to, among other things, pay Plaintiff for all wages, commissions, reimbursements, premiums and penalties due. Plaintiff also seeks an injunction from this Court enjoining Defendants from their continuing interference with Plaintiff's lawful profession.

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

10.     Plaintiff further seeks all monies owed but withheld and retained by Defendants to which Plaintiff is entitled pursuant to California Business & Professions Code sections 17200-17208.

11.     On June 17, 2021, Plaintiff obtained a right to sue letter from the Department of Fair Employment and Housing.  Plaintiff also provided written notice to Defendants and the Labor and Workforce Development Agency ("LWDA"), by internet portal, of the specific violations of the California Labor Code that Defendants have committed and continue to commit, including the facts and theories that support each alleged violation. Plaintiff intends to amend this Complaint to include a cause of action pursuant to the Private Attorney General Act ("PAGA") on behalf of Plaintiff and all aggrieved employees in California.

## THE PARTIES

12.     Plaintiff is an individual who was previously employed by Defendants and performed his work for Defendants in the County of Los Angeles, California.

13.     Defendant IMI is a corporation organized under the laws of California.  IMI is authorized to do business and is doing business in the State of California.  In fact, IMI's principal place of business is located at: 6950 S Centinela Avenue, Los Angeles, CA 90230.  IMI employs aggrieved employees in California.

14.     Defendant Preissler was at all times the sole owner, Chief Executive Officer, Chief Financial Officer and Secretary of IMI and Plaintiff's direct supervisor. At all relevant times, Preissler exercised primary managerial control over the business operations of the Company and its employees, including Plaintiff and his wages. Defendant Preissler is personally liable for violations of the Labor Code pursuant to California Labor Code section 558.1. Plaintiff is informed and believes that Defendant Preissler is a resident of the County of Los Angeles, California.

15.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues those defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each fictitiously named defendant is in some way responsible for, participated in, or

VGC, LLP
1515 7TH STREET, No. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

- 3 -

contributed to the wrongful acts, injuries, damages, and matters and things of which Plaintiff complains herein and, in some fashion, have legal responsibility therefore.

16.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, each Defendant was an associate, partner, agent, joint employer or employee of, and aided and abetted each of the remaining Defendants, and that at all times herein mentioned, each Defendant was acting within the course and scope of such association, partnership, agency or employment, and with the knowledge and consent of each such associate, partner, principal or employer, and the conduct of each Defendant was consented to and ratified by each remaining Defendant.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this action because the amount of damages claimed, exclusive of interest and costs, is in excess of $25,000.00.

18.     This Court has jurisdiction over IMI because it is a company organized under the laws of California, authorized to do and doing business in California and registered with the California Secretary of State.  This Court has jurisdiction over Preissler because she is an individual who resides in California, the sole member of IMI, and its Chief Executive Officer, Chief Financial Officer and Secretary. Defendants do substantial business in California, employ individuals in California, have substantial minimum contacts with California, and intentionally avail themselves of the markets within California through the promotion, sale, marketing, and distribution of services in California.

19.     Venue as to each defendant is proper in this judicial district pursuant to California Code of Civil Procedure section 395 because Defendants employed Plaintiff in Los Angeles County and the State of California.  Defendants do business in Los Angeles County, California, and each Defendant is within the jurisdiction of this Court for service of process purposes.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within Los Angeles County and the State of California.

20.     The Employment Agreement and Sales Agreement entered into between the Parties

- 4 -

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

VGC, LLP
1515 7TH STREET, No. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

1   both provide that any disputes must be resolved in Santa Monica, California.

2   <u>**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</u>

3   **A.     The Employment Agreement.**

4        21.     IMI promotes itself as making "richer, deeper, better production experiences" by

5   working with "directors" with "film and TV backgrounds" who "offer their unique perspectives,

6   experiences and points of view to the ad world."

7        22.     Defendants hired Plaintiff on or around May 28, 2019 to serve as a commissioned

8   salesperson for IMI and provide professional production and sales services commensurate with the

9   title "Executive Producer, Brand Development." According to the terms of the Employment

10  Agreement with Plaintiff, the Company agreed to pay him a salary in the amount of $250,000 per

11  year.  The Employment Agreement provided Plaintiff with up "to five (5) days (equal to forty hours)

12  of paid vacation per calendar year, which accrues in the first year and is available for use beginning

13  on Employee's one-year anniversary."

14       23.     The Employment Agreement illegally provides that Plaintiff would only be "paid his

15  regular Salary for unavoidable absences (e.g., personal injury or illness; doctor/dental appointments;

16  family emergencies; and temporary transportation problems), for up to forty hours during a 12

17  month period. If it becomes necessary to extend any such absences (other than for illness) beyond

18  such hours, Employee will be charged vacation time. To the extent Employee has zero vacation

19  balance at the time, Employee will have to take time off without pay."  The Employment Agreement

20  also illegally provides that "the Company may determine, in its sole discretion, to not reimburse

21  Employee for … business expenses" in violation of California Labor Code section 2802.

22       24.     The Employment Agreement includes an illegal non-solicitation provision that, in

23  violation of Business and Professions Code 16600, requires that Plaintiff "for a period of 3 (three)

24  years [after termination of employment], the Employee shall not solicit, entice or otherwise

25  encourage employees, clients, directors or sales reps, to end their working relationship with

26  Employer or otherwise approach such individuals in a way that may cause detriment to the

27  Employer."

28

COMPLAINT

25.    The Employment Agreement is governed by California law and requires that any dispute be brought in Santa Monica, California.  A true and correct copy of the Employment Agreement is attached as Exhibit A.

**B.    The Sales Agreement.**

26.    Contemporaneously with the Employment Agreement, Defendants required that Plaintiff enter into a Sales Agreement in order to "sell and promote the Company's directors and services in the Territory [defined as the entire United States of America] for 'client-direct' advertising projects produced directly for a brand that do not involve an advertising or digital agency." Pursuant to the Sales Agreement, Plaintiff was to earn a monthly fee of $4,167 (four thousand one hundred sixty-seven) for each calendar month in which this Sales Agreement was in effect.  Once the Company achieved the annual sales threshold of $4,000,000, Plaintiff was entitled to a percentage of the production fees.

27.    Defendants required that Plaintiff be an exclusive sales representative for the Company and that Plaintiff "not represent any other production entity or any directors not associated with Independent Media." Defendants also willfully misclassified Plaintiff as an independent contractor under the Sales Agreement.

28.    In violation of Business and Professions Code section 16600, the Sales Agreement required Plaintiff to agree "that during the Term and for a period of two (3) years following the expiration or Termination of this Agreement that Representative will not and represent or assist any third party in representing Independent Media's directors who were represented by Company during the Term."

29.    The Sales Agreement is governed by California law and requires that any dispute be brought in Santa Monica, California.  A true and correct copy of the Sales Agreement is attached as Exhibit B.

**C.    Defendants create a hostile work environment.**

30.    Defendants created, promoted and sustained a hostile work environment discriminating and harassing employees in protected categories, such as Plaintiff.    Defendant

COMPLAINT

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

1  Preissler was verbally abusive and repeatedly berated Plaintiff and others publicly on the basis of

2  their sex, age, familial status and race, among others.

3      31.    For instance, when Plaintiff attempted to take a day off from work because he was

4  suffering from a medical condition caused by the emotional distress caused by the hostile work

5  environment that he was experiencing as a result of Defendant Preissler's egregious actions,

6  Defendant Preissler (who required employees, including Plaintiff, to be "on call" during their sick

7  leave) contacted Plaintiff during his sick leave.  When Plaintiff explained that he needed time away

8  from work because he was sick and that he had to take care of his youngest child, Defendant Preissler

9  responded "I don't give a fuck about your kids. We all have problems during COVID."  Defendant

10 Preissler regularly publicly berated employees with children making derogatory remarks such as "it

11 wasn't my choice to have fucking kids, you deal with it."

12     32.    Defendant regularly insulted employees using derogatory remarks such as "drunk

13 whore" and "pussy."  As if this were not enough, Defendant Preissler also demeaned prospective

14 clients on the basis of their age and race with statements such as "the last thing we need is an old

15 black guy in our roster."

16     33.    Defendant Preissler also regularly asked Plaintiff to come into her office, close the

17 door and insisted that Plaintiff drink scotch with her, making Plaintiff feel extremely uncomfortable.

18 When the pandemic hit, Defendant Preissler insisted that Plaintiff leave on the camera on his

19 computer all day long so that Defendant Preissler could monitor him.  In addition, during the

20 pandemic, Defendant Preissler insisted that employees attend a Friday night "zoom" happy hour

21 meeting and ordered everyone to "get fucked up."  When Plaintiff complained and refused to leave

22 his camera on all day or continue to attend the mandated "happy hours" because they were at 8:00

23 p.m. (local time where Plaintiff was sheltering at home with his family), and Plaintiff had three

24 children at home that he needed to care for, Defendant Preissler retaliated against Plaintiff and

25 severely diminished his job duties.

26     34.    In addition, when Plaintiff complained to Defendant Preissler that Defendants were

27 failing to pay wages to other employees, Defendant Preissler responded "be a team player or quit

28 the team."

COMPLAINT

35.    Defendant Preissler reduced Plaintiff's salary and ultimately terminated him in retaliation.

**D.    Defendants willfully misclassify Plaintiff (and other aggrieved employees) as independent contractors.**

36.    In an attempt to avoid payroll taxes, Defendants paid Plaintiff and other aggrieved employees' wages reported through a Form 1099. By intentionally misclassifying and paying Plaintiff and other aggrieved employees a significant portion of their compensation as purported independent contractors, Defendants avoided their obligation to pay employer-side payroll tax and forced Plaintiff and other aggrieved employees to incur self-employment tax. And, instead of compensating Plaintiff in accordance with the terms of the Sales Agreement, IMI, at the direction of Defendant Preissler, refused to pay Plaintiff his earned commissions.

**E.    Defendants violate California's wage and hour laws.**

37.    During his employment with Defendants, Plaintiff worked extremely hard for Defendants. For nearly all his employment, Plaintiff devoted over 50 hours a week to his work for Defendants. Even though Defendants admit in the paystubs they provided to Plaintiff that he was solely a member of the "staff" and entitled to overtime compensation, Defendants never paid Plaintiff overtime. Defendants also never provided Plaintiff with the legally required meal and rest periods.

38.    In addition, Defendants failed to provide Plaintiff and other aggrieved employees with the legally required paid sick leave. And when Plaintiff took one sick day off, Defendants interfered with his time off and denied Plaintiff the time that he needed to get better.

39.    Defendants also failed to reimburse Plaintiff and other aggrieved employees for their reasonable business expenses, including but not limited to their use of a home office, cellular telephone, travel and client entertainment, among other things.

**F.    Defendants wrongfully terminate Plaintiff and engage in despicable tactics to prevent Plaintiff from engaging in his lawful profession.**

40.    On or around January 27, 2021, Defendants wrongfully terminated Plaintiff's employment and filed a frivolous claim in arbitration in an attempt to prevent Plaintiff from

COMPLAINT

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

1    enforcing his rights through this litigation. Defendants are also attempting to enforce an illegal non-
2    compete agreement and interfering with Plaintiff's business relationships and employment
3    opportunities in violation of Busines and Professions Code section 16660.

4                                **FIRST CAUSE OF ACTION**

5                          **Breach of Written Employment Agreement**

6                                **(By Plaintiff Against IMI)**

7           41.    Plaintiff hereby realleges and incorporates by reference each and every allegation
8    contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

9           42.    Plaintiff and IMI entered into a written Employment Agreement.  Attached as Exhibit
10   A is a true and correct copy of the Employment Agreement.

11          43.    Plaintiff performed all that was required of him to earn his wages under the
12   Employment Agreement.

13          44.    IMI, however, failed to honor its promises and breached the Employment Agreement
14   by failing to pay Plaintiff all amounts due under the Employment Agreement.

15          45.    IMI's breach of the Employment Agreement caused Plaintiff harm and was a
16   substantial factor in causing Plaintiff's harm.

17          46.    As a result of IMI's conduct, Plaintiff suffered injuries, including, but not limited to,
18   monetary damages, in an amount to be proven at trial.

19          47.    As a result of IMI's conduct, Plaintiff is entitled to his attorneys' fees and costs of
20   suit herein.

21                               **SECOND CAUSE OF ACTION**

22                            **Breach of Written Sales Agreement**

23                                **(By Plaintiff Against IMI)**

24          48.    Plaintiff hereby realleges and incorporates by reference each and every allegation
25   contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

26          49.    Plaintiff and IMI entered into a written Sales Agreement.  Attached as Exhibit B is a
27   true and correct copy of the Sales Agreement.

28          50.    Plaintiff performed all that was required of him to earn his wages under the Sales

VGC, LLP
1515 7TH STREET, No. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

- 9 -

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

1    Agreement.

2        51.    IMI, however, failed to honor its promises and breached the Sales Agreement by

3    failing to pay Plaintiff the commissions due under the Sales Agreement.

4        52.    IMI's breach of the Sales Agreement caused Plaintiff harm and was a substantial

5    factor in causing Plaintiff's harm.

6        53.    As a result of IMI's conduct, Plaintiff suffered injuries, including, but not limited to,

7    monetary damages, in an amount to be proven at trial.

8        54.    As a result of IMI's conduct, Plaintiff is entitled to his attorneys' fees and costs of

9    suit herein.

10                            **THIRD CAUSE OF ACTION**

11                   **Misclassification as Independent Contractor**

12               **(Violation of Labor Code §§ 226.8, 2750.3, 2753)**

13                      **(By Plaintiffs Against All Defendants)**

14       55.    Plaintiff hereby realleges and incorporates by reference each and every allegation

15   contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

16       56.    Plaintiff (and other aggrieved employees) does not fit the definition of an

17   independent contractor pursuant to California Labor Code section 2750.3.  Defendants, however,

18   willfully misclassified Plaintiff and other aggrieved employees as independent contractors and

19   wrongfully paid Plaintiff and other aggrieved employees' wages reported through a Form 1099.  By

20   willfully misclassifying and improperly paying Plaintiff and other aggrieved employees a significant

21   portion of their compensation as purported independent contractors, Defendants avoided their

22   obligation to pay employer-side payroll tax and forced Plaintiff and other aggrieved employees to

23   incur self-employment tax.

24       57.    Defendants' willful misclassification of Plaintiff and other aggrieved employees is a

25   violation of Labor Code section 226.8 subjecting Defendants to, at a minimum, a civil penalty of

26   not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for

27   each violation, in addition to any other penalties or fines permitted by law.

28

- 10 -

58.     Given that Defendants have engaged in and continue to engage in a pattern or practice of these violations, Defendants shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

59.     In accordance with Labor Code 226.8(e), and in addition to any other remedy that this Court has ordered, the Court shall order Defendants to display prominently on IMI's Internet Web site, in an area which is accessible to all employees and the general public, a notice that sets forth all of the following that:  (1) this Court has found that Defendants have committed a serious violation of the law by engaging in the willful misclassification of employees; (2)  Defendants have changed their business practices in order to avoid committing further violations of Labor Code section 226.8; (3) any employee who believes that he or she is being misclassified as an independent contractor may contact the Labor and Workforce Development Agency, including the mailing address, email address, and telephone number of the agency; and (4) the notice is being posted pursuant to a state order.

60.     As a result of Defendants' conduct, Plaintiff (and other aggrieved employees) suffered injuries, including, but not limited to, monetary damages, in an amount to be proven at trial.

61.     As a result of Defendants' conduct, Plaintiff is entitled to his attorneys' fees and costs of suit herein.

## FOURTH CAUSE OF ACTION

### Inaccurate Itemized Wage Statements

### (Violation of Labor Code § 226)

### (By Plaintiffs Against All Defendants)

62.     Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

63.     Labor Code section 226 maintains that every employer must furnish each employee with an itemized statement of wages and deductions at the time of payment of wages.

64.     Defendants knowingly and intentionally failed to provide Plaintiff and other aggrieved employees with accurate wage statements as required by Labor Code section 226(a).

COMPLAINT

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

65.     Plaintiff and other aggrieved employees suffered injuries because Defendants failed to maintain itemized wage statements that accurately reported Plaintiff's and other aggrieved employees' correct compensation (including commissions due).

66.     Pursuant to Labor Code sections 226(e) and (g), Plaintiff seeks a penalty against Defendants not exceeding an amount of $4,000.00.

67.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and hereby requests an award of their attorneys' fees pursuant to Labor Code sections 218.5 and 226.

**FIFTH CAUSE OF ACTION**

**Failure to Provide Wages When Due**

**(Violation of Labor Code §§ 201, 202 & 203)**

**(By Plaintiffs Against All Defendants)**

68.     Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

69.     California Labor Code section 201 provides that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." California Labor Code section 202 provides that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

70.     If upon termination the employer does not immediately pay an employee what he or she is owed, Labor Code section 203 imposes upon the employer the requirement that "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

71.     Plaintiff and other aggrieved employees were not paid all wages due at the time of termination in accordance with Labor Code section 201 or 202. Plaintiff and other aggrieved employees are informed and believe and thereon allege that all relevant times, Defendants had a practice of not paying upon termination the wages owed to employees, including but not limited earned commissions and accrued but unused vacation time.  Plaintiff is therefore entitled to waiting

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

time penalties to the maximum extent allowed by law.

72.     Defendants' failure to pay Plaintiff and other aggrieved employees all wages earned prior to termination in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff and other aggrieved employees at the time of separation in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202.

73.     Pursuant to Labor Code sections 201 and 202, Plaintiff and other aggrieved employees are entitled to all wages earned prior to termination that Defendants failed to pay them.

74.     Pursuant to Labor Code section 203, Plaintiff and other aggrieved employees are entitled to penalty wages from the date their earned and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days.

75.     As a result of Defendants' unlawful conduct, Plaintiff and other aggrieved employees have suffered damages in an amount subject to proof, to the extent he was not paid for all wages earned prior to termination.

76.     As a result of Defendants' unlawful conduct, Plaintiff and other aggrieved employees have suffered damages in an amount subject to proof, to the extent they were not paid all penalty wages owed under Labor Code section 203.

77.     Pursuant to Labor Code sections 218 and 218.5, Plaintiff is entitled to recover the full amount of their unpaid wages, penalty wages under Labor Code section 203, reasonable attorney's fees, and costs of suit.  Pursuant to Labor Code section 218.6 and/or Civil Code section 3287(a), Plaintiff is entitled to recover prejudgment interest on the amount of his unpaid wages and unpaid penalty wages.

## SIXTH CAUSE OF ACTION

### Failure to Reimburse Business Expenses

### (Violation of Labor Code § 2802)

### (By Plaintiffs Against All Defendants)

78.     Plaintiff hereby realleges and incorporates by reference each and every allegation

COMPLAINT

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

79.     Labor Code section 2802 maintains that every employer must indemnify employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their duties or of their obedience to the direction of the employer.

80.     The Employment Agreement illegally provides that "the Company may determine, in its sole discretion, to not reimburse Employee for such business expenses" in violation of California Labor Code section 2802.

81.     Throughout Plaintiff's and other aggrieved employees' employment, they incurred necessary expenditures and losses in direct consequence of the discharge of their duties or of their obedience to the direction of Defendants.  Plaintiff and other aggrieved employees paid out of their own pocket for numerous business expenses, including but not limited to cellphones that they were required to use for work and other home office expenses, as well as travel and client entertainment expenses.

82.     Throughout Plaintiff's and other aggrieved employees' employment, Defendants knowingly and willfully failed to indemnify Plaintiff and other aggrieved employees for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of Defendants.

83.     As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff and other aggrieved employees have sustained damages in the form of unreimbursed expenses related to their employment.  The exact amount of unreimbursed expenses will be proven at trial.

84.     As a result of Defendants' failure to reimburse Plaintiff's and other aggrieved employees, Plaintiff is entitled to attorneys' fees and costs of suit incurred herein.

**SEVENTH CAUSE OF ACTION**

**(Failure to Provide Employee Records in Violation of Labor Code §§ 226 & 1198.5)**

**(By Plaintiffs Against IMI)**

85.     Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

86.     California Labor Code section 226(c) dictates that employers must pay a $750.00

- 14 -

VGC, LLP
1515 7TH STREET, No. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

1  penalty if, within 21 calendar days after receiving a written or oral request for employee records,

2  they fail to provide such records.

3       87.    Plaintiff and other aggrieved employees requested their employee records from IMI,

4  but Defendants did not timely provide Plaintiff and other aggrieved employees with all records.

5       88.    As a result, IMI must pay Plaintiff a $750.00 penalty plus reasonable attorneys' fees

6  and costs incurred.

7                              **EIGTH CAUSE OF ACTION**

8          **(Failure to Provide Paid Sick Leave in Violation of Labor Code § 246)**

9                        **(By Plaintiffs Against All Defendants)**

10      89.    Plaintiff hereby realleges and incorporates by reference each and every allegation

11  contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

12      90.    Labor Code section 246 provides that: (a) an employee is entitled to paid sick days

13  within 30 days after commencing employment; (b) an employee shall accrue paid sick leave at the

14  rate of not less than one hour per every 30 hours worked; (c) an employee shall be entitled to use

15  the paid sick leave beginning on the 90th day of employment; (d) accrued paid sick days shall carry

16  over to the following year of employment, unless the full amount of paid sick leave is front-loaded

17  at the beginning of each year; and (e) the employer shall provide written notice setting forth the

18  amount of paid sick leave available or paid time off in lieu of paid sick leave on either the

19  employee's itemized wage statement or a separate writing on the designated pay date.

20      91.    While California only requires than an employer provide 24 hours (3 days) per year

21  of paid sick leave (with a maximum accrual of 48 hours or 6 days), Los Angeles County requires 48

22  hours (6 days) per year (with a maximum accrual of 72 hours or 9 days), available to be used by the

23  120th calendar day of employment for each calendar year.

24      92.    During the relevant statutory time period, Defendants' paid time off policy (PTO)

25  did not comply with the requirements of Labor Code section 246.

26      93.    In addition, when Plaintiff attempted to take one paid sick day off, Defendants

27  contacted him and berated him and his family.

28      94.    Pursuant to Labor Code section 248.5, Plaintiff and the aggrieved employees seek a

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

COMPLAINT

penalty against Defendants not exceeding an amount of $4,000 each plus reasonable attorneys' fees and costs incurred.

### NINTH CAUSE OF ACTION

**(Failure to Pay Overtime Wages in Violation of Labor Code § 510)**

**(By Plaintiffs Against All Defendants)**

95.     Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

96.     Even though Defendants admit in the paystubs they provided to Plaintiff that he was solely a member of the "staff" and entitled to overtime compensation, Defendants never paid Plaintiff overtime.  Defendants also never provided Plaintiff with the legally required meal and rest periods.

97.     During his employment with Defendants, Plaintiff worked extremely hard for Defendants.  For nearly all his employment, Plaintiff devoted over 50 hours a week to his work for Defendants.  Even though Defendants admit in the paystubs they provided to Plaintiff that he was solely a member of the "staff" and entitled to overtime compensation.

98.     Under the applicable Wage Orders and Labor Code section 510, Defendants were required to pay Plaintiff and all aggrieved employees overtime wages, including one and one-half times the regular rate for all hours worked after the eighth hour of work on any workday and for every hour worked after the 40th hour of work in any workweek. For every hour worked in excess of 12 hours in any workday, or in excess of 8 hours on the seventh consecutive day of work, Defendants were obligated to pay Plaintiff and all aggrieved employees at double pay rate. Plaintiff and all aggrieved employees did not qualify for any exemption from these requirements.

99.     Plaintiff n and all aggrieved employees ever received overtime or double-time wages from Defendants.

100.    By engaging in the aforementioned conduct, Defendants, and each of them, engaged in employment practices that violated Labor Code sections 510 and the applicable Wage Orders.

101.    As a result of Defendants' conduct, Plaintiff (and other aggrieved employees) suffered injuries, including, but not limited to, monetary damages, in an amount to be proven at trial.

- 16 -

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

102.    As a result of Defendants' conduct, Plaintiff is entitled to his attorneys' fees and costs of suit herein.

### TENTH CAUSE OF ACTION

**(Failure to Provide Meal Periods)**

**(By Plaintiffs Against All Defendants)**

103.    Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

104.    Defendants admit in the paystubs they provided to Plaintiff that he was solely a member of the "staff" and entitled to overtime compensation.  Even though Defendants admit in their business records that Plaintiff was a non-exempt employee, Defendants did not provide Plaintiff with the legally required meal breaks.

105.    Labor Code §§ 226.7 and 512 require that employers provide employees who work more than five (5) hours per day with a thirty (30) minute meal period wherein the employee is relieved of all duties and a second thirty (30) minute meal period when the employee works more than ten (10) hours per day.

106.    Labor Code § 226.7(b) maintains that if an employer fails to provide an employee with a thirty (30) minute meal period, the employer shall pay the employee one additional hour of pay for each workday that a thirty (30) minute meal period was missed.

107.    Because he was misclassified as an exempt employee, Plaintiff was not provided with all thirty (30) minute meal periods during his employment with Defendants.

108.    As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff and all aggrieved employees have sustained damages in the amount of one hour of wages for each day he was not provided a meal period.  The amount of unpaid meal period premiums will be proven at trial.

### ELEVENTH CAUSE OF ACTION

**(Failure to Provide Rest Periods)**

**(By Plaintiff sAgainst All Defendants)**

109.    Plaintiff hereby realleges and incorporates by reference each and every allegation

- 17 -

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

110.    Defendants admit in the paystubs they provided to Plaintiff that he was solely a member of the "staff" and entitled to overtime compensation.  Even though Defendants admit in their business records that Plaintiff was a non-exempt employee, Defendants did not provide Plaintiff with the legally required rest breaks.

111.    Labor Code § 226.7 requires employers to authorize and permit employees to take a rest period of net ten (10) minutes for each four (4) hours, or major fraction thereof, worked.  An employer who fails to provide an employee with a rest period shall pay the employee one hour of pay for each workday that a rest period was missed.

112.    Because he was misclassified as an exempt employee, Plaintiff was not authorized or permitted to take rest periods during his employment with Defendants.

113.    As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff and all aggrieved employees have sustained damages in the amount of one hour of wages for each day she was not authorized or permitted to take a rest break.  The amount of unpaid rest break premiums will be proven at trial.

**TWELFTH CAUSE OF ACTION**

**Hostile Work Environment in Violation of FEHA**

**(By Plaintiff Against All Defendants)**

114.    Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

115.    Defendants are employers governed under the FEHA.

116.    Plaintiff was an employee of Defendants.

117.    Defendants created, promoted and sustained a hostile work environment discriminating and harassing employees in protected categories, such as Plaintiff.  Defendant Preissler was verbally abusive and repeatedly berated Plaintiff and others publicly on the basis of their sex, age, familial status and race, among others.

118.    For instance, when Plaintiff attempted to take a day off from work because he was suffering from a medical condition caused by the emotional distress caused by the hostile work

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

VGC, LLP
1515 7TH STREET, No. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

environment that he was experiencing as a result of Defendant Preissler's egregious actions, Defendant Preissler (who required employees, including Plaintiff, to be "on call" during their sick leave) contacted Plaintiff during his sick leave.  When Plaintiff explained that he needed time away from work because he was sick and that he had to take care of his youngest child, Defendant Preissler responded "I don't give a fuck about your kids. We all have problems during COVID."  Defendant Preissler regularly publicly berated employees with children making derogatory remarks such as "it wasn't my choice to have fucking kids, you deal with it."

119.    Defendant regularly insulted employees using derogatory remarks such as "drunk whore" and "pussy."  As if this were not enough, Defendant Preissler also demeaned prospective clients on the basis of their age and race with statements such as "the last thing we need is an old black guy in our roster."

120.    Defendant Preissler also regularly asked Plaintiff to come into her office, close the door and insisted that Plaintiff drink scotch with her, making Plaintiff feel extremely uncomfortable. When the pandemic hit, Defendant Preissler insisted that Plaintiff leave on the camera on his computer all day long so that Defendant Preissler could monitor him.  In addition, during the pandemic, Defendant Preissler insisted that employees attend a Friday night "zoom" happy hour meeting and ordered everyone to "get fucked up."  When Plaintiff complained and refused to leave his camera on all day or continue to attend the mandated "happy hours" because they were at 8:00 p.m. (local time where Plaintiff was sheltering at home with his family), and Plaintiff had three children at home that he needed to care for, Defendant Preissler retaliated against Plaintiff and severely diminished his job duties.

121.    In addition, when Plaintiff complained to Defendant Preissler that Defendants were failing to pay wages to other employees, Defendant Preissler responded "be a team player or quit the team."

122.    Defendant Preissler reduced Plaintiff's salary and ultimately terminated him in retaliation.

123.    Plaintiff was qualified for the position he held with Defendants and performed competently in that position.

124.    Upon information and belief, Plaintiff's protected characteristics were a substantial and motiving factor in Defendants' harassment and ultimate termination of his employment.

125.    As a result of Defendants' conduct, Plaintiff suffered injury, including, but not limited to, emotional distress and monetary damages, in an amount to be proven at trial. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

126.    On information and belief, Defendants' actions were willful, wanton, malicious, oppressive, and fraudulent, and justify an award of punitive and exemplary damages.

127.    As a result of Defendants' conduct, Plaintiff is entitled to her attorneys' fees and costs of suit herein.

### THIRTEENTH CAUSE OF ACTION

**(Retaliation in Violation of Cal. Labor Code §§ 98.6, 245-249, FEHA)**

**(By Plaintiff Against All Corporate Defendants)**

128.    Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

129.    Defendants are employers governed under the FEHA.

130.    Plaintiff was an employee of Defendants.

131.    Plaintiff participated in protected activities, including, but not limited to, lodging complaints of the hostile work environment, requesting to take paid sick leave, and lodging complaints regarding Defendants' failure to pay employee wages and the reduction of his job responsibilities and pay.

132.    Plaintiff suffered adverse employment actions as a result of these activities, including, but not limited to, demotion, reduction of his wages and termination of his employment with the Company.

133.    Plaintiff's activities were the direct and proximate cause of the adverse employment actions.

134.    As a result of Defendants' conduct, Plaintiff suffered injury, including, but not limited to, severe emotional distress and monetary damages, in an amount to be proven at trial.

135.    On information and belief, Defendants' actions were willful, wanton, malicious,

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

oppressive, and fraudulent, and justify an award of punitive and exemplary damages.

## FOURTEENTH CAUSE OF ACTION

### Unfair Business Practices

### (By Plaintiff Against All Defendants)

136.    Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

137.    Business & Professions Code section 17200 (the "UCL") prohibits unfair competition, which "shall mean and include any unlawful, unfair or fraudulent business act or practice …."  Among the persons adversely affected by the unfair business practices of Defendants as alleged herein are all of Defendants' current and former employees who did not receive all wages due to them, reimbursement for their business expenses, accurate wage statements, sufficient information to calculate their commission compensation, payment for the full amount of their wages due at termination and/or resignation of employment as required by the California Labor Code.

138.    A representative action pursuant to Business & Professions Code sections 17200, 17203 and 17204 on behalf of the general public is appropriate and necessary because Defendants did not provide their current and former employees with all wages due to them, reimbursement for their business expenses, accurate wage statements, sufficient information to calculate their commission compensation, and/or the full amount of their wages due at termination and/or resignation of employment, as a general business practice contrary to the laws of the State of California.

139.    As described above, Defendants have violated numerous California laws, including, but not limited to:

  a.    violation of California Labor Code section 201 and 202 by failing to pay all wages earned and unpaid at the time of Plaintiff's and other former employees' discharge from employment by Defendants;

  b.    violation of California Labor Code section 226 by failing to provide Plaintiff or other current and former employees with accurate wage statements;

  c.    violation of Labor Code section 2802 by failing to reimburse employees'

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

VGC, LLP
1515 7TH STREET, No. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

expenses; and

    d.    violation of California Business and Professions Code section 16600 by requiring employees to sign a illegal non-compete and non-solicitation agreement as a condition of employment and attempting to enforce the illegal agreement.

140.    By their conduct and their practices alleged herein, Defendants have caused considerable harm and injury in fact to Plaintiff and other aggrieved employees of Defendants.  On information and belief, Defendants' conduct was done with the illicit purpose of gaining an unfair competitive advantage by violating their statutory obligations to their employees, which is neither reasonable nor legitimate.

141.    Plaintiff is entitled to restitution of all monies and property that Defendants were not authorized to take and did take from Plaintiff and other members of the proposed class, including, but not limited to, all unpaid wages and unreimbursed expenses, together with interest thereon.

## FIFTEENTH CAUSE OF ACTION

### Injunctive Relief

### (By Plaintiff Against All Defendants)

142.    Plaintiff hereby realleges and incorporates by reference each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth at length herein.

143.    As a direct consequence of Defendants' insertion of an illegal covenant not to compete in Plaintiff's written Employment Agreement and Sales Agreement, Plaintiff stands to lose his employment, business clients, and the goodwill and referral business from those clients in an amount that cannot readily be ascertained.  Plaintiff also stands to lose the ability to compete freely against Defendants for business which Plaintiff has a legal right to under California law.

144.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer substantial and irreparable harm, including but not limited to, the loss of employment, significant business and clients, the goodwill and referral business from those clients in an amount that cannot readily be ascertained, and the ability to compete freely against Defendants for business which Plaintiff has a legal right to under California law.

145.    If Defendants are not immediately and permanently barred from attempting to enforce their illegal covenant not to compete, which is in violation of California Business and Professions Code section 16600, Plaintiff will continue to be irreparably harmed. Moreover, Plaintiff lacks an adequate remedy at law to address the substantial and irreparable harm that he is suffering and will continue to suffer. There is a strong likelihood Plaintiff will succeed on his claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For damages for unpaid wages under Labor Code sections 201 or 202;

2.    For damages for unpaid penalty wages under Labor Code 203;

3.    For penalties for inaccurate wage statements under Labor Code 226(e);

4.    For penalties for misclassification under Labor Code section 226.8;

5.    For reimbursement of business expenses;

6.    For penalties for violation of Labor Code section 1198.5;

7.    For penalties for violation of Labor Code section 246;

8.    For back wages and other general damages in a sum within the jurisdiction of the Superior Court to be proven at the time of trial;

9.    For an award of pre and post judgment interest at the maximum rate allowed by law;

10.    For the recovery of reasonable attorneys' fees and the costs of this suit;

11.    For restitution under Business and Professions Code section 17203;

12.    For temporary and permanent injunctive relief barring Defendants from attempting to enforce an illegal covenant not to compete; and

13.    For such other and further relief as the Court deems just and proper.

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

COMPLAINT

1  DATED:  June 17, 2021                **VGC, LLP**

2

3                                       By:

4                                          _____
                                           Diyari Vázquez
5                                          *Attorneys for Plaintiffs*
                                           Chris Karabas, individually and on behalf of
6                                          all similarly situated individuals

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 24 -

COMPLAINT

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial on all claims so triable.

DATED: June 17, 2021          **VGC, LLP**

By: _____

Diyari Vázquez
*Attorneys for Plaintiffs*
Chris Karabas, individually and on behalf of
all similarly situated individuals

COMPLAINT

VGC, LLP
1515 7TH STREET, NO. 106
SANTA MONICA, CALIFORNIA 90401
Tel: (424) 272-9885

# EXHIBIT A

## AT WILL EMPLOYMENT AGREEMENT

This At Will Employment Agreement (the "Agreement") is made as of May 28 2019 (the "Effective Date") and is made by and between Independent Media Inc. (the "Employer" or the "Company"), on the one hand, and Chris Karabas (the "Employee"), on the other hand. The Employer and the Employee may be referred to individually as a "Party" or collectively as the "Parties." The Parties agree as follows:

1. **EMPLOYMENT.**

The Employer hereby employs, engages, and hires the Employee and the Employee hereby accepts this employment subject to the terms and conditions of this Agreement. The Employee agrees and understands that he is an employee "at will," and nothing herein shall be interpreted to mean that the Employee is anything other than an employee at will. The Employer and Employee may end the employment relationship at any time and for any reason subject to Section 7 (Termination) of this agreement.  The at will nature of the Employee's employment cannot be changed except by written agreement prepared by the Employer and signed by both the Employee and a duly authorized representative of the Employer.  Employee agrees to perform the duties set forth herein on an exclusive, full-time basis, subject to periods of vacation, as set forth below, and other approved leaves of absence.  Duties will be performed at such locations as reasonably directed by the Company.

2. **TERM.**

The term of this Agreement shall begin on May 28, 2019 and shall continue until terminated by either Party in accordance with the provisions of Section 7 of this Agreement or by law.  The period during which the Employee is employed pursuant to this Agreement shall be referred to as the "Employment Period."

3. **COMPENSATION, BENEFITS & RELATED TERMS AND CONDITIONS.**

Subject to the terms and conditions of this Agreement, the Employee shall be compensated for his services as follows:

(a)     <u>Salary</u>. The Employer shall pay the Employee an annual salary of $250,000 (two hundred fifty thousand)  (the "Salary"), payable in equal bi-monthly installments at the end of each such period ("Pay Period") during the Employment Period.  The Salary may be subject to such increases or decreases as may from time to time be determined by the President of the Employer in her sole discretion.

(b)     The Salary shall be Employee's sole source of wages hereunder and no additional wages shall be furnished by Employer to Employee except by written agreement prepared by the Employer and signed by the Employee and a duly authorized representative of the Employer.

(c)     <u>Withholding</u>.  All sums payable to the Employee under this Agreement shall be reduced by all federal, state, local, and other withholdings and similar taxes and payments required by applicable law.

(d)     <u>Vacation Time</u>.  Employee shall be entitled to five (5) days (equal to forty hours) of paid vacation per calendar year, which accrues in the first year and is available for use beginning on Employee's one-year anniversary. No partial paid vacation or accrual is available prior to an Employee's one-year anniversary.

(e)     <u>Medical Insurance:</u>  Employer currently provides medical insurance for employees.  Coverage will begin on the first of the month following 30 days of full-time employment provided Employee elects such coverage and completes the required paperwork.  Employer does not provide coverage for dependents, although Employee may, at Employee's own cost, add dependent coverage, subject to the rules of the plan.  Employee shall be eligible for the medical insurance benefits, subject to and on a basis consistent with the terms, conditions and overall administration of such coverage. If such coverage is elected, Employee is responsible for any insurance costs (beyond the monthly premium which is paid by Employer), if any, outlined in the employee insurance package. The Employer reserves the right to amend, terminate and/or suspend such benefits generally.

(f)     <u>401(K).</u>  The Company provides a 401(k) Retirement Plan which allows eligible employees to make pre-tax deferrals and also allows IM to make a discretionary profit sharing contribution to your account. Employees are eligible to enter on the 1st of January or 1st of July provided they are at least 20 ½ years old and provided they have completed one continuous year of employment with the Company during which they have worked at least 1,000 hours.

(g)     <u>Unavoidable Absences/Sick Days</u>.  Employee shall be paid his regular Salary for unavoidable absences (e.g., personal injury or illness; doctor/dental appointments; family emergencies; and temporary transportation problems), for up to forty hours during a 12 month period.  If it becomes necessary to extend any such absences (other than for illness) beyond such hours, Employee will be charged vacation time.  To the extent Employee has zero vacation balance at the time, Employee will have to take time off without pay.  More than three consecutive days of absence for medical reasons shall require appropriate documentation from Employee's physician.  Absence for work and leave for family and medical

reasons shall be in accordance with the Family and Medical Leave Act and corollary state law.

(h)     Company Holidays.  Employee shall be entitled to time off for all Company holidays in accordance with the Company's policy and practices, as established and modified from time-to-time.

(i)     Business Expenses.  The Company shall pay or reimburse Employee for those reasonable and necessary business expenses incurred or paid by Employee in the performance of Employee's duties and responsibilities hereunder.  Any reimbursement shall be in accordance with the Company's then prevailing policies (which shall include Employee's appropriate itemization and substantiation of expenses incurred) and the Company may determine, in its sole discretion, to not reimburse Employee for such business expenses.  Employee shall not incur any expense in excess of $50 without prior written approval from Employer.

(j)     Email, Internet, Social Media Usage.  Employee acknowledges and understands that his use of Company email and computers is a privilege of employment by Employer and acknowledges and understands that Employee has no privacy interest in any such email(s) or email usage and, if any such interest is ever recognized by any controlling authority, Employee hereby waives and relinquishes any such privacy interest.  Access to email and the internet while doing work under this Agreement is limited for Employer's purposes only and may not be done for any non-employment reason whatsoever.  All work product produced under this Agreement is the property of Employer.  Employee shall not post work-related images or messages on social media without the express written permission of the Employer.

(k)     Notice of Use of Video Systems. Activities at Employer's offices in Culver City may be monitored/recorded via closed circuit video systems (CCTV).

**4.  RESPONSIBILITIES AND DUTIES.**

The Employee's responsibilities shall include (but shall not be limited to) the following: Professional production and sales services commensurate with the title 'Executive Producer, Brand Development' (the "Services").  From time to time, the Employer may revise the nature of the Employee's Services. The Employee will promptly and faithfully comply with all reasonable instructions, directions, requests, rules, and regulations made or issued by the Employer, and the Employee will perform the Services conscientiously and in a timely manner in and to the best of the Employee's abilities at all times, when and wherever required or desired by the Employer and pursuant to the express and implicit terms of this Agreement, to the reasonable satisfaction of the Employer. Such

duties at such places as the Employer shall in good faith require or as the interest, needs, business, or opportunity of the Employer shall require.

**5.   CONFIDENTIALITY AND NON-DISPRAGEMENT.**

(a)    During and after the Employment Period, except as permitted by the Employer or required by law, the Employee shall not divulge or appropriate to his or her own use or to the use of others any secret or confidential information or knowledge pertaining to or otherwise affecting the Employer's business including but not limited to any of its customer lists, products, services, costs, profits, markets, sales, trade secrets, agreements (including this employment agreement) and director contracts, or other information not readily available to the public without regard to whether any of the above will be deemed confidential, material, or important, and shall not include in any social media posting or in any internet or email communication of any kind any such information. The obligations and rights described in this Agreement shall survive the termination of my employment with the Company.

(b)    <u>Third Party Information</u>.  Employee recognizes that the Company has received, and in the future will receive, from third parties their confidential or proprietary information subject to a duty on the Company's part to maintain the confidentiality of such information and to use it only for certain limited purposes. Employee agrees to hold all such confidential or proprietary information in the strictest confidence and not to disclose it to any person, firm or corporation or to use it except as necessary in carrying out his work for the Company consistent with the Company's agreement with such third party.

(c)    The Parties stipulate that, as between them, the matters contemplated by and information covered by this section 5 are important, material, and confidential and affect the effective and successful conduct of the Employer's business, and the Employer's good will, and that any breach of the terms of this Section 5 shall be deemed a material breach of this Agreement.  Employee recognizes that the Company may be irreparably damaged by any breach of this Agreement and that the Company shall be entitled to seek an injunction, specific performance or other equitable remedy to prevent such competition or disclosure, and may entitle the Company to other legal remedies.

(d)    Employee agrees that he will not issue any communication or make any statement, whether written or oral, and whether to one person or more than one person, that disparages, criticizes or otherwise reflects adversely or encourages any adverse action against the Company or any of its executives, owners or employees.

**6.  NON-SOLICITATION.**

During the Employment Period and for a period of 3 (three) years thereafter, the Employee shall not solicit, entice or otherwise encourage employees, clients, directors or sales reps, to end their working relationship with Employer or otherwise approach such individuals in a way that may cause detriment to the Employer.  The parties agree that given the unique nature of Company's business and extraordinary value of Company's relationships with the above listed persons, this Section 6 is reasonable and appropriate.

**7.  TERMINATION.**

Employer may, at any time, with or without cause, terminate this Agreement by giving 24 Hours written notice to the Employee.   Employee may, at any time, with or without cause, terminate this agreement by giving 14 days' notice to Employer.  If requested by the Employer, the Employee shall continue to render his or her services pursuant to this Agreement during such notice period and shall be paid his or her regular compensation until the last day of the Employee's employment (the "Termination Date").

**8.  RETURN OF PROPERTY.**

At the end of the Employment Period or at any time on the Employer's request, the Employee agrees to return to the Employer, retaining no copies or notes, all documents relating to the Employer's business including, but not limited to, reports, abstracts, lists, correspondence, information, computer files, computer disks, and all other materials and all copies of such material, obtained by the Employee during his employment with the Employer.

**9.  FURTHER ASSURANCES.**

Each Party hereto shall cooperate and take such further action as may be reasonably requested by the other Party in order to carry out the terms and purposes of this Agreement and any other transactions contemplated herein.

**10. GOVERNING LAW & ARBITRATION.**

(a)  This Agreement shall be governed by the laws of the State of California.
(b)  Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in Santa Monica, CA before one arbitrator who shall be a retired judge furnished by JAMS Santa Monica office. The arbitration shall be

administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures and in accordance with the Expedited Procedures in those Rules. The award shall be in the form of a written decision by the arbitrator. Judgment on the Award may be entered in any court having jurisdiction. The judgment of the arbitrator shall be final and absolute. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction. Payment of administrative fees shall be governed by JAMS rules and the law of the State of California as it pertains to arbitration of employment disputes. Allowed discovery in arbitration shall be governed by the JAMS rules as such may be modified by the law of the State of California as it pertains to arbitration of employment disputes. In any arbitration arising out of or related to this Agreement, the arbitrator(s) shall award to the prevailing party, if any, the costs and attorneys' fees incurred by the prevailing party in connection with the arbitration.

(c) ***The Parties hereby expressly waive their rights to a jury trial.***

## 11. NOTICE.

Any notice or other communication provided for herein or given hereunder to a Party hereto shall be in writing and shall be given in person, by overnight courier, or by mail (registered or certified mail, postage prepaid, return receipt requested) to the respective Party at the following address:

| | |
|---|---|
| *If to the Employer:* | *If to the Employee:* |
| Susanne Preissler | Chris Karabas |
| Independent Media Inc. | ckarabas1@mac.com |
| 6950 S. Centinela Avenue | |
| Culver City, CA 90230 | |
| With cc. to sp@imcollective.com | |

## 12.     SUCCESSORS AND ASSIGNS.

This Agreement shall apply to all work performed by the Employee for the Employer. This Agreement shall inure to the benefit of the Employer's successors and assigns. The Employee acknowledges that his or her services are distinctive and personal, and that he therefore may not assign his rights or delegate his duties or obligations under this Agreement. The Company may assign this Agreement at its sole discretion.

## 13. NO IMPLIED WAIVER.

No waiver of any provision hereof shall be effective unless made in writing and signed by the waiving party.  The failure of the Company to require the performance of any term or obligation of this Agreement, or the waiver by the Company of any breach of this Agreement, shall not prevent any subsequent enforcement of such term or obligation or be deemed a waiver of any subsequent breach.  This Agreement may be amended or modified only by a written instrument signed by Employee and a duly authorized representative of the Employer.

**14. COUNTERPARTS/ELECTRONIC SIGNATURES.**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument. For purposes of this Agreement, use of a facsimile, e-mail, or other electronic medium shall have the same force and effect as an original signature.

15. **SEVERABILITY/SURVIVABILITY.**

(a)     Whenever possible, each provision of this Agreement, will be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement is held to be invalid, illegal, or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality, or unenforceability will not affect any other provision or any other jurisdiction, but this Agreement will be reformed, construed, and enforced in such jurisdiction as if such invalid, illegal, or unenforceable provisions had never been contained herein.

(b)     Notwithstanding the expiration or termination of this Agreement, the Employee's rights and obligations under Section 5 (Confidentiality and Non-Disparagement) will survive the expiration or termination of this Agreement

16. **ENTIRE AGREEMENT.**

This Agreement constitutes the final, complete, and exclusive statement of the understanding of the Parties with respect to the subject matter hereof, and supersedes any and all other prior understandings, both written and oral, between the Parties. It may not be changed orally but only by an agreement in writing signed by the Party against whom enforcement of any waiver, change, modification, extension, or discharge is sought.

**17.   VOLUNTARY EXECUTION OF AGREEMENT.**

Employee acknowledges that: (i) Employee has read this Agreement; (b) Employee has been represented in the preparation, negotiation and execution of this Agreement by legal

counsel of her own choice or has voluntarily declined to seek such counsel; and (c) Employee is fully aware of the legal and binding effect of this Agreement.

18. **HEADINGS.**

The section headings used in this Agreement are included solely for convenience and shall not affect, or be used in connection with, the interpretation of this Agreement.  In the event of any inconsistency between the terms of this Agreement and any form, award, plan or policy of the Company, the terms of this Agreement shall control.

      **IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date first above written.

**EMPLOYER: Independent Media Inc.**    **EMPLOYEE: Chris Karabas**

By _Susanne Preissler_       By _____
Name: Susanne Preissler
Title: President          Name: Chris Karabas

EXHIBIT B

## SALES AGREEMENT

This Sales Agreement (the "Agreement") is made and effective as of May 28, 2019 ("Effective Date") by and between **Chris Karabas Company** (the "Representative") and **Independent Media Inc**., a California Corporation (the "Company"). The Representative and the Company may be referred to individually as a "Party" or collectively as the "Parties."

### 1.      PURPOSE, APPOINTMENT, AND EXCLUSIVITY.

Representative shall sell and promote the Company's directors and services in the Territory (as defined in Section 4) for 'client-direct' advertising projects produced directly for a brand that do not involve an advertising or digital agency (herein after "Project(s)"). Projects include traditional commercials (:30/:60 'spots') as well as short brand advertising films built around a brand's specific products or services.

In the interest of clarity, this Agreement specifically excludes projects involving advertising/ digital agencies, as well as feature-length, serial and episodic entertainment, videogames and experiential/event production.

While this Agreement is in effect, Representative shall not represent any other production entity or any directors not associated with Independent Media.

### 2.      CONFIDENTIAL INFORMATION.

The Representative agrees, during the Term and thereafter, to abide by the terms and conditions of the Non-Disclosure Agreement dated May 24, 2019.  The NDA is hereby incorporated by reference and is attached hereto as Exhibit A.

### 3.      NATURE OF RELATIONSHIP.

Representative's relationship to the Company hereunder is that of an independent contractor.

### 4.      TERRITORY.

During the Term (as defined below) of this Agreement, the Representative shall use its best efforts (including those standards outlined in Section 7 hereof) to sell Company's directors and services in the following geographical area (the "Territory"):  The United States of America.

### 5.      PRODUCTION PRICE AND MARKUP.

1

The Company shall determine, at its sole discretion, the production price, the mark up amount, and the terms of sale (typically in the form of a production agreement and AICP bid form) for any production hereunder. Company alone, and at its sole discretion, has the right to accept or reject any project proposal, for any reason whatsoever.

### 6.      MONTLY FEE PAYMENTS

(a)  Company shall pay Representative a monthly fee (a "Monthly Fee") of $4,167 (four thousand one hundred sixty-seven) for each calendar month in which this Agreement is in effect. The Monthly Fee may be pro-rated for partial months.

(b)  The Monthly Fee shall be Representative's sole compensation hereunder until such time as Company has achieved its Sales Threshold. The Sales Threshold is defined as Company contracting $4,000,000 (four million dollars) in client-direct Projects within the Territory for each year this Agreement is in effect.

### 7.  SALES COMMISSION

(a)  Once company has achieved its annual Sales Threshold in a given year, additional client-direct Projects procured by Representative in that year shall be subject to a sales commission ("Sales Commission"). The Sales Commission shall be calculated as follows:

| Company's Contracted A-K Production Fee | Representative's Sales Commission |
| --- | --- |
| 20% or more | 10% of A-K Production Fee |
| 10%-20% | 7.5% of A-K Production Fee |
| 10% or less | 5% of A-K Production Fee |

(b)  The production fee is the Company's stated markup (typically 25% or less) of lines A-K as indicated on the awarded AICP bid top sheet (AICP line 13).  A blank AICP top sheet sample is attached hereto.

(c)  Company shall pay Representative Sales Commission hereunder only while this Agreement is in effect, after Company has achieved the Sales Threshold in a given year,

2

and only for those Projects where the first storyboards or scripts thereon (no matter how same may be procured, reworked, or revised) originate within the Territory.

(d) <u>Split Commissions.</u> Notwithstanding anything to the contrary, the Parties agree that this Agreement shall not subject Company to multiple sales commissions for Projects.  Sales Commissions hereunder are intended to compensate Representative for client-direct Projects procured primarily through Representative's efforts and that are not subject to third party commissions.  In the event that a third party is entitled to a Project commission (for example, when a director utilizes a film or personal relationship), it is agreed that Representative's Sales Commission hereunder may be reduced by the amount owed to such third party.

(e) Representative shall invoice Company within 7 days of commencement of principal photography for any given Project for all Sales Commission and Monthly Fee amounts due hereunder. Invoices shall be sent electronically to Company controller at hf@imcollective.com.

(f) Timing and amount of Payment. Sales Commissions will be forwarded to the Representative within ten (10) business days of the Company's receipt of payments from the customer and shall be based on the amounts actually received on a pro rata basis.

(g) Notwithstanding the foregoing, a Sales Commission shall not be payable for Projects that originate outside of the Territory or that do not have a markup. Further, no Sales Commission  shall be payable to the Representative on any Project which is contracted by Company after the expiration or termination of this Agreement.  In the event agency fails to make payments or a Project is cancelled, Representative's Sales Commission shall be prorated based on the production fee actually received and retained by Company.

(h) <u>Travel and Entertainment Reimbursement</u>.  Company shall reimburse Representative for approved sales trips and client entertainment expenses incurred on Company's behalf. Sales trips must be approved in writing by Company prior to expenses being incurred. Client entertainment expenses in aggregate that exceed $500 (five hundred) per month require the written approval of Company.  Representative shall timely invoice Company and provide backup as per the requirements of Company's accounting department.

(i) <u>Taxes.</u> The Representative is solely responsible for the payment of all income, social security, employment-related, or other taxes incurred as a result of the performance of services by the Representative under this Agreement.

**8.  DIRECTOR SIGNINGS**

3

It is contemplated that, during the Term, should Representative introduce Company to a new director and such director subsequently signs a multi-year directing agreement with Company, Representative may receive compensation for such signing ("Signing Compensation").  The amount and terms of such Signing Compensation is subject to Company's sole and absolute discretion.  Signing Compensation may take the form of a one-time payment or a percentage of director's contracted work.  Company shall consult in good faith with Representative to determine the Signing Compensation, taking into account factors that may include, but that are not limited to,  the level of Representative's involvement in the director's introduction and signing,  the director's stature and marketability,  and the director's level of experience in the advertising industry.

**9.  NO OTHER COMPENSATION**

The compensation set out in Sections 6, 7 and 8 above shall be Representative's sole compensation hereunder. In the event of overpayment to Representative, Representative agrees to immediately refund excess amounts to Company.


**10. TERM.**

This Agreement is effective as of the Effective Date and shall continue for a period of three (3) years (the "Term").

**11. TERMINATION.**

This Agreement may be terminated by either Party with 30 days written notice for any reason. Monthly Fee payments (which may be prorated) shall cease upon notice of termination. Termination shall not alter Company's responsibility to pay Representative approved expenses accrued during the Term or commissions earned prior to Termination. The confidentiality and non-solicitation provisions of the Agreement shall survive any such termination.

**12. NON-SOLICITATION**

Representative acknowledges that the directors and employees of Company are special and unique assets that need to be protected. Representative further agrees that the covenants in this Section 12 are reasonable and necessary to protect the Company. Representative therefore agrees that during the Term and for a period of two (3) years following the expiration or Termination of this Agreement that Representative will not and represent or assist any third party in representing Independent Media's directors who were represented by Company during the Term.

**11. NO IMPLIED WAIVER.**

4

The failure of either Party to insist on strict performance of any covenant or obligation hereunder shall not be deemed a waiver of such Party's right to demand strict compliance in the future.

## 12. NOTICE.

Any notice or other communication provided for herein or given hereunder to a party hereto shall be in writing and shall be given in person, by overnight courier, or by mail (registered or certified mail, postage prepaid, return receipt requested) to the respective party as follows:

|  |  |
|---|---|
| If to Company: | If to Representative: |
| Susanne Preissler | Chris Karabas |
| Independent Media Inc. | Ckarabas1@mac.com |
| 6950 S. Centinela Avenue | |
| Culver City, CA 90230 | |
| sp@imcollective.com | |

## 13. GOVERNING LAW.

This Agreement shall be governed by the laws of the state of California.  Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in Santa Monica, CA before one arbitrator who shall be a retired judge made available through JAMS' Santa Monica office. The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures and in accordance with the Expedited Procedures in those Rules. Judgment on the Award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction. The Parties agree to reimburse the prevailing party's reasonable attorneys' fees and costs in addition to any other relief to which the prevailing party may be entitled.

## 14. COUNTERPARTS/ELECTRONIC SIGNATURES.

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument.  For purposes of this Agreement, use of a facsimile, e-mail, or other electronic medium shall have the same force and effect as an original signature.

## 15. SEVERABILITY.

5

Whenever possible, each provision of this Agreement, will be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality or unenforceability will not affect any other provision or any other jurisdiction, but this Agreement will be reformed, construed and enforced in such jurisdiction as if such invalid, illegal or unenforceable provisions had never been contained herein.

## 16. ENTIRE AGREEMENT.

This Agreement, constitutes the final, complete, and exclusive statement of the agreement of the Parties with respect to the subject matter hereof, and supersedes any and all other prior and contemporaneous agreements and understandings, both written and oral, between the Parties. Each party has participated fully in the review and revision of the Agreement. Any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply in interpreting this Agreement. Headings used in this Agreement are provided for convenience only and shall not be used to construe meaning or intent.

[SIGNATURE PAGE FOLLOWS]

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date first above written.

| COMPANY: | REPRESENTATIVE : |
|---|---|
| **Independent Media Inc.** | **Chris Karabas Company** |
| *Susanne Preissler* | *Chris Karabas* |
| Susanne Preissler, President | Chris Karabas, President |

6

Exhibit 3

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Diyari Vázquez (SBN 222461)<br>VGC, LLP<br>1515 7th Street, No. 106<br>Santa Monica, California 90401<br>TELEPHONE NO.: (424) 272-9885   FAX NO.:<br>ATTORNEY FOR (Name): Chris Karabas | **To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: Santa Monica Courthouse

CASE NAME:
Karabas v. Independent Media, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited** ☐ **Limited** | | ☐ Counter ☐ Joinder | | 21SMCV01078 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify): 15: Breach of Contract, Violations of Labor Code, Retaliation
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 17, 2021

Diyari Vazquez
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Save This Form　Print This Form　Clear This Form

| SHORT TITLE: Karabas v. Independent Media, Inc., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 1 of 4

| SHORT TITLE: Karabas v. Independent Media, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Karabas v. Independent Media, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Karabas v. Independent Media, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>1725 Main Street |
|---|---|

| CITY:<br>Santa Monica | STATE:<br>CA | ZIP CODE:<br>90404 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____West_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _____June 17, 2021_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Exhibit 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/17/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ L. Kulkin _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21SMCV01078 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | H. Jay Ford III | O | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _06/18/2021_____
     (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By L. Kulkin_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit 5



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

> **Mediation may be appropriate when the parties**
> - want to work out a solution but need help from a neutral person.
> - have communication problems or strong emotions that interfere with resolution.
>
> **Mediation may <u>not</u> be appropriate when the parties**
> - want a public trial and want a judge or jury to decide the outcome.
> - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager **patricia@adrservices.com** (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager **mbinder@jamsadr.com** (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager **info@mediationLA.org** (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   Visit **www.lacourt.org/ADR.Res.List** for important information and FAQs before contacting them.
   NOTE:  This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   **https://wdacs.lacounty.gov/programs/drp/**
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - Free, day- of- trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
       **http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf**

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

Exhibit 6

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:                       FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____
(TYPE OR PRINT NAME)
Date:                                  ➢ _____
(ATTORNEY FOR PLAINTIFF)
_____
(TYPE OR PRINT NAME)
Date:                                  ➢ _____
(ATTORNEY FOR DEFENDANT)
_____
(TYPE OR PRINT NAME)
Date:                                  ➢ _____
(ATTORNEY FOR DEFENDANT)
_____
(TYPE OR PRINT NAME)
Date:                                  ➢ _____
(ATTORNEY FOR DEFENDANT)
_____
(TYPE OR PRINT NAME)
Date:                                  ➢ _____
(ATTORNEY FOR _____)
_____
(TYPE OR PRINT NAME)
Date:                                  ➢ _____
(ATTORNEY FOR _____)
_____
(TYPE OR PRINT NAME)                   ➢ _____
(ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

Print     Save                                                                      Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

<table>
<tr><td>SHORT TITLE:</td><td>CASE NUMBER:</td></tr>
</table>

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐     Request for Informal Discovery Conference
   ☐     Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |
|---|---|---|