# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 21-5090 FMO (JPRx) | Date | July 15, 2021 |
|---|---|---|---|
| Title | Chris Karabas v. Independent Media, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order to Show Cause: Removal

On June 17, 2021, plaintiff Chris Karabas ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Independent Media, Inc. ("IM") and Susanne Preissler ("Preissler") (collectively, "defendants"). (See Dkt. 1, Notice of Removal ("NOR") at ¶ 2); (id., Exh. 1, Complaint). On June 22, 2021, "counsel for Defendants agreed to and did accept service of process by email." (Dkt. 1, NOR at ¶ 3). Later that day, defendants removed the action to this court solely on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. (See id. at ¶ 1). Having reviewed the pleadings, the court questions whether defendants properly removed this action.

According to defendants, diversity jurisdiction exists here because (1) complete diversity exists between plaintiff and defendants; and (2) the amount in controversy exceeds $75,000. (See Dkt. 1, NOR at ¶¶ 4-13). Defendants contend that plaintiff "is a citizen of and resides in the state of Illinois." (Id. at ¶ 5). Further, defendants aver that IM is a citizen of California because it "is incorporated in California, with its principal place of business in Los Angeles, California." (Id. at ¶ 6); see 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]"). Defendants also claim that Preissler is a citizen of California. (Dkt. 1, NOR at ¶ 6).

"A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, it is undisputed that defendants are both citizens of California, the state in which plaintiff filed this action, (see Dkt.1, NOR at ¶ 6); (id., Exh. 1, Complaint), and it appears that both defendants were properly joined and served prior to removal. (See Dkt. 1, NOR at ¶ 3). Additionally, defendants removed this case to federal court solely on the basis of diversity jurisdiction. (See id. at ¶ 1). Accordingly, pursuant to 28 U.S.C. § 1441(b)(2), this case could not have been removed. See, e.g., Spencer v. United States Dist. Court, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **CV 21-5090 FMO (JPRx)** | Date | **July 15, 2021** |
|---|---|---|---|
| Title | **Chris Karabas v. Independent Media, Inc., et al.** | | |

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT plaintiff shall, no later than **July 21, 2021**, file a motion to remand this action based on, at minimum, the presence of a local defendant pursuant to 28 U.S.C. § 1441(b)(2).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | vdr | | |